BROLIAR v. MARQUIS *et al.*

80   49
104  650

80   49
e127 51

Deed: CONSTRUCTION: REPUGNANT GRANTS. M. executed a conveyance as follows: "I convey unto Anna M. and her children and joint heirs with her and myself and Marcelley M. and Ella M. * * * the following described real estate." Anna M. was the third wife of the grantor, by whom he had two children, and Marcelley and Ella M. were children of M. by a second wife.

Broliar v. Marquis.

*Held* that the words "joint heirs with her and myself" were intended to show what children of Anna were to take after her, but that, under the ruling in *Pierson v. Lane*, 60 Iowa, 60, and *Case v. Dwire*, 60 Iowa, 412, they took nothing, and that the land went in equal shares to Anna, Marcelley and Ella.

*Appeal from Keokuk District Court.*—HON. W. R. LEWIS, Judge.

FILED, MAY 13, 1890.

ACTION for the partition of real estate; the question in this court being one of title under the terms of a deed of conveyance. The district court gave judgment favorable to the defendants, from which the plaintiff appeals.

*Smith & Talley, G. D. Woodin* and *E. S. Sampson,* for appellant.

*Mackey & Stockman,* for appellees.

GRANGER, J.—The defendants are Annie Marquis, John Marquis, Amanda Holmes, Ada Martin, Clifton Marquis, Annie-Marquis, Jr., and Allen Marquis. The defendant John Marquis is the husband of Annie Marquis, and the father of the other defendants and of the plaintiff. John Marquis has been three times married. By the first marriage, he had two children, neither of whom are parties in this suit; nor is it claimed they have any interest herein. By the second marriage he had two children, they being the plaintiff and Marcell Marquis; and by the third, the defendant Annie Marquis, seven children, five of whom are now living, namely, Annie Holmes, Ada Martin and Clifton, Annie and Allen Marquis. Of the children of his present wife, only two were born before the execution of the deed in question, namely, Amanda and Ada. On the fifteenth day of November, 1865, John Marquis, being the owner of the premises in controversy, made a deed, the essential portion of which is as follows:

"Know all men by these presents that in consideration of many and divers benefits received and for love and affection I convey unto Annie Marquis and her children and joint heirs with her and myself and Marcelley Marquis and Ella Marquis and for the sum of one dollar paid by the said Annie Marquis I hereby make a deed of free gift of all the following real estate to-wit the southeast quarter of section 27 and the northeast quarter of section 34 except so much of the southwest quarter of the northeast quarter as lays south of Skunk river all in township 75 range 10."

Ella Marquis, mentioned in the deed, is the plaintiff. Marcell Marquis has died since the making of the deed, and any interest he may have had passed to his father, he having no issue. The action is to partition the real estate, the plaintiff claiming that she is the owner of a one-third interest therein, and that the defendants John and Annie Marquis each own one-third. The contention of the defendants is that Annie Marquis is the sole owner of the premises in fee-simple, unless the deed is void for uncertainty. It will be observed that the quoted portion of the deed is entirely without punctuation, except the period at the end. The deed was filed for record November 21, 1865.

It is practically, if not in terms, conceded in argument that the children of Annie Marquis take nothing by virtue of the conveyance in question, under the holding in *Pierson v. Lane*, 60 Iowa, 60, in which the rule in *Shelley's case* was applied, and in *Case v. Dwire*, 60 Iowa, 442; the position of appellee being that the limitation that avoids the deed as to the children of Annie Marquis avoids it also as to the plaintiff and Marcell Marquis, while that of appellant is that the limitation was only as to the children of Annie Marquis, and that the deed as to the plaintiff and Marcell operated *in præsenti*, conveying to each an undivided one-third. If we should eliminate from the deed the words, "and her children and joint heirs with her and myself," the intention of the grantor could

hardly be said to be doubtful; and in that case the position of appellant would certainly be correct. . We must, then, inquire if the words so obscure the intent of the grantor as to entirely avoid the conveyance, and, if not, to what extent the words change the meaning given the deed without their use. The intent of the parties must be the guiding star of interpretation.

If the intent was to convey to plaintiff and Marcell (in the deed called "Marcelley") a remainder over, then the conveyance to them, as well as to the other children, is repugnant and void, and Annie Marquis is the sole owner of the premises. If not, her interest is limited to one-third. It is quite difficult, if not impossible, to conceive a legal significance for the words "joint heirs with her and myself" from any known facts of the case. If the preposition "with" is changed to "of," such difficulty is removed, and the words can with less difficulty be given a meaning. The two children of Annie Marquis and John were their joint heirs, in the sense that they would jointly inherit from either or both of them. Now, the other children, plaintiff and Marcell, were heirs, but not joint heirs, of John and Annie Marquis. The words "and joint heirs with her and myself" must be understood as qualifying or limiting the word "children." It does not appear from the record whether Annie Marquis was the mother of children not those of John Marquis. If it did so appear, the words would have a clearer significance. But, as the words are used, we may assume the existence of facts to justify their use, though we may not assume particular facts not disclosed by the record, and we only speak of other children of Annie as showing that facts may exist giving a use to the words of which we have no knowledge.

It is contended by appellee that the use of the words "Marcelley and Ella" in the deed was not for the purpose of making them grantees, but that they are used in a descriptive sense, as being the children of John as well as the children of Annie. We are unable

to gather such a purpose from any construction we can give the language of the deed. If the language of the deed was, "to Annie Marquis and her children, and to Marcelley and Ella Marquis, the children of John Marquis," it would hardly be contended that the deed did not operate *in præsenti* to convey the title in equal parts to Annie, Marcelley and Ella. Omitting the words "and joint heirs with her and myself" from the deed as it appears, no different legal effect could attach. These words, to our minds, merely define what children of Annie are designed to take after her, and do not in any sense affect the deed as to the plaintiff and Marcell Marquis.

John Marquis was a witness, and stated that "the grantee in this deed is Annie Marquis, my wife." The statement is but a conclusion, entirely unsupported by facts from which its value may be known, and cannot operate to defeat what otherwise appear to be vested rights. We have said this much without reference to the validity of such testimony.

To our minds, the deed is not void for uncertainty; and we think plaintiff's claim as to her interest in the land is correct, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.